Filed 3/5/21  G.M. v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| G.M., | |
| Petitioner, | E076411 |
| v. | (Super.Ct.No. J281490) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Erin K. Alexander, Judge.  Petition denied.

Clark & Le and Mark Oliver for Petitioner.

No appearance for Respondent.

Michelle D. Blakemore, County Counsel, and Glenn C. Moret, Deputy County Counsel for Real Party in Interest.

Children's Advocacy Group, Inc. and Brian Bitker for the Minors.

At a contested 18-month review hearing, the juvenile court terminated reunification services for G.M. (Mother) as to her two minor children, M.B. (age 6) and N.D. (age 1), and set a hearing under Welfare and Institutions Code section 366.26 (undesignated statutory references are to this code). Mother petitions for extraordinary writ review of the order setting that hearing. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452.) She argues that the juvenile court erred by admitting evidence obtained through minors' counsel's allegedly improper investigation of Mother's "confidential address." We conclude that Mother's argument is meritless, and we accordingly deny the petition.

## BACKGROUND

The original petitions under section 300 were filed on June 25, 2019. On October 22, 2019, the juvenile court took jurisdiction over both children on the basis of sustained allegations of ongoing domestic violence between Mother and N.D.'s presumed father, Mother's failure to protect the children from that violence, and M.B.'s biological father's incarceration and inability to arrange appropriate care for his child. (§ 300, subds. (b), (g).) The jurisdiction/disposition report indicated that the violence in the home was often fueled by N.D.'s father's alcohol use.

The court removed the children from their parents' custody, ordered reunification services for Mother and N.D.'s father, and bypassed services for M.B.'s father on the basis of section 361.5, subdivision (e). The case plans included domestic violence programs for Mother and N.D.'s father and substance abuse treatment and testing for

2

N.D.'s father. The court ordered monitored visits for Mother and N.D.'s father but no visits for M.B.'s father, and Mother and N.D.'s father were to visit separately. The fathers are not parties to this writ proceeding.

At the six-month review hearing on May 11, 2020, San Bernardino County Children and Family Services (CFS) recommended that reunification services continue for Mother and N.D.'s father, and the court followed that recommendation. The court also ordered, on the basis of a stipulation by the parties, that (1) Mother would have unsupervised visits, with CFS discretion to liberalize to overnights, weekends, or an extended visit in the mother's home; (2) N.D.'s father would have supervised visits, with CFS discretion to liberalize to unsupervised visits upon his completion of outpatient drug treatment; (3) if the children were placed with Mother, then minors' counsel and their social workers would be allowed access to the home; and (4) the fathers were not to be in or around the home, and Mother was not to supervise the fathers' visits.

In the status review report for the 12-month review hearing, CFS recommended return of the children to Mother and termination of services for N.D.'s father. On the original hearing date of October 8, 2020, the court indicated that evidence (including videos) had emerged showing that, contrary to Mother's statements, she continued to have contact with N.D.'s father, including at her home during a visit. The hearing was continued for minors' counsel's and N.D.'s father's contests.

In an addendum report for the contested hearing, CFS changed its recommendation to continued reunification services for both Mother and N.D.'s father. The changed recommendation was based on evidence developed by minors' counsel

3

indicating, among other things, that N.D.'s father was recently residing in Mother's home and that Mother was coaching M.B. not to disclose information about N.D.'s father because Mother "will get in trouble."

On November 3, 2020, the date originally set for the contested hearing, the recommendation changed again, this time to termination of services for both Mother and N.D.'s father, and the court continued the hearing for the parents' contest. Because the continued hearing date would be after the statutory date for the 18-month review hearing, the court and the parties agreed that it would actually be a contested 18-month review hearing.

CFS subsequently filed a new status review report, recommending that services for Mother and N.D.'s father be terminated and a hearing under section 366.26 be set for both children, with a plan of adoption for N.D. and legal guardianship for M.B. The recommendation was again based on video and other evidence of N.D.'s father's ongoing contacts with Mother and presence at her home, as well as Mother's continuing denials of those facts and her coaching of M.B. CFS also provided "Additional Information to the Court" describing facts showing that Mother "continues to contradict her own statements, and continues to be deceptive." N.D.'s father's substance abuse counselor reported that N.D.'s father was legally intoxicated at his intake appointment on December 2, 2020, and tested positive again on December 10, 16, and 18.

At the contested hearing on January 12, 2021, Mother's counsel objected to admission of any evidence derived from minors' counsel's investigation of Mother's home, because Mother "had made her new address confidential after she had moved to

4

her home." Mother's counsel relied on rule 8.47(c) of the California Rules of Court, as well as *Rico v. Mitsubishi Motors Corp.* (2007) 42 Cal.4th 807 (*Rico*). The court overruled the objection, admitted CFS's reports, and granted a request for judicial notice of prior findings and orders. No party called any witnesses or introduced additional evidence.

The court observed that Mother and N.D.'s father had participated in services but did not appear to have made much progress—"we're in the same situation we found ourselves in a year-and-a-half ago with a significant alcohol issue on behalf of the father, and a mother who's unwilling to end that relationship or be honest about its status and [who] continue[s] to subject the children to that relationship." The court terminated reunification services for both parents and set a hearing under section 366.26 as to both children.

## DISCUSSION

The only argument Mother raises in her petition is the same argument she advanced in the trial court, namely, that because her residence address was confidential, it was improper for minors' counsel to investigate that residence, so all evidence derived from that investigation should have been excluded. The argument lacks merit. There is no factual or legal support for the proposition that Mother's address should have been kept confidential from minors' counsel.

Mother asserts that she "had chosen to keep her new address confidential," as reflected in CFS reports for hearings on October 8 and November 3, 2020 (the original and continued 12-month review hearing dates), but Mother provides no citation to the

5

record on appeal to support that assertion. Both reports state addresses for the fathers but list Mother's as "Confidential Address." The reports thereby complied with subdivision (b) of section 302, which requires CFS to provide copies of its reports to both parents and consequently requires CFS to "keep confidential the address of any parent who is known to be the victim of domestic violence." Nothing in the record indicates that the listing of Mother's address as confidential was anything more than statutory compliance to protect Mother from N.D.'s father. Mother does not cite any evidence that she requested or the court ordered that her address be kept confidential from anyone, let alone from minors' counsel. Thus, as a factual matter, we find no support for the assertion that Mother's address was (or was requested or ordered to be) confidential from minors' counsel.

Moreover, as the trial court recognized, minors' counsel has a statutory duty to investigate the facts relevant to the children's safety, protection, and welfare. (§ 317, subd. (e)(1).) As of the six-month review hearing, Mother was having unsupervised visits at her home, CFS had discretion to liberalize those visits to overnights, weekends, or an extended visit, and Mother was requesting that the children be returned to her custody at that residence. Minors' counsel therefore had a statutory duty to investigate whether the residence was safe and appropriate, both for visitation and for possible return. Mother cites no authority for the proposition that, under those circumstances, it was legally permissible for her address to be kept confidential from minors' counsel. Had Mother or the court tried to keep that information from minors' counsel, they would have been obstructing minors' counsel's statutory duty to investigate.

The legal authorities that Mother does cite are inapposite. First, she cites rule 8.47(c) of the California Rules of Court. The rule addresses the treatment of confidential records on appeal. (Cal. Rules of Court, rule 8.47.) For purposes of the rule, a "confidential" record is defined as "a record that, in court proceedings, is required by statute, rule of court, or other authority except a court order under rules 2.550-2.551 or rule 8.46 to be closed to inspection by the public or a party." (Cal. Rules of Court, rule 8.45(b)(5).) Mother cites no legal or factual support for the claim that her address was confidential within the meaning of the rule, and we are aware of none. And even if her address were confidential with the meaning of rule, the rule says nothing about how the address should have been treated in the trial court—the rule addresses only the handling of confidential records on appeal. (Cal. Rules of Court, rule 8.47.)

Second, Mother cites *Rico*. But that case says nothing about the confidentiality of a parent's address in a dependency case. Rather, it addressed "what action is required of an attorney who receives privileged documents through inadvertence and whether the remedy of disqualification is appropriate." (*Rico*, *supra*, 42 Cal.4th at p. 810.)

Mother argues that *Rico* "does not simply apply to attorney-client privilege information" but rather applies to confidential information more broadly, such as Mother's address here. But in describing the scope of its holding, the Supreme Court in *Rico* explained that it applied "'to documents that are plainly privileged and confidential, regardless of whether they are privileged under the attorney-client privilege, the work product privilege, or any other similar doctrine *that would preclude discovery based on the confidential nature of the document*.'" (*Rico*, *supra*, 42 Cal.4th at p. 817, fn. 9, italics

7

added.)  For reasons we have already explained, we are not aware of any doctrine that would have precluded minors' counsel from discovery of Mother's address (or documents containing it) under the circumstances presented here.

*Rico* consequently has nothing to do with this case.  Mother's address was not privileged or confidential information that inadvertently came into minors' counsel's possession.  It was information to which minors' counsel was affirmatively entitled, because minors' counsel's clients were having unsupervised visits at Mother's home.

For all of these reasons, Mother's argument has no factual or legal basis.  The trial court properly admitted the evidence developed through minors' counsel's appropriate and statutorily required investigation.[1]  We accordingly deny Mother's petition.

## DISPOSITION

The petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.

---

[1]    For identical reasons, Mother's argument that minors' counsel behaved unethically and should be disqualified is wholly without merit.